IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ROSARIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-208 |
| | ) | District Judge Robert J. Colville |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| WESTMORELAND COUNTY, PA, | ) | Re: ECF No. 64 |
| WESTMORELAND COUNTY | ) | |
| COMMISSIONER, WESTMORELAND | ) | |
| COUNTY PRISON, WARDEN WALTON, | ) | |
| DEPUTY WARDEN LOWTHER, DEPUTY | ) | |
| WARDEN SCHWARTZ, LIEUTENANT | ) | |
| TOMASELLO, LIEUTENANT WOLFF, | ) | |
| SERGEANT GILLETTE, SERGEANT | ) | |
| BRADLEY, and JOHN DOES 1-6, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Keith Rosario ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Albion ("SCI-Albion"), brings this *pro se* action arising out of allegations that he was assaulted by prison officials while incarcerated at the Westmoreland County Prison ("WCP"). ECF No. 14.

Presently before the Court is Plaintiff's Motion to Compel to Answer Discovery ("Motion to Compel"). ECF No. 64. Defendants have filed a response in opposition, and a supplemental response at the Court's request. ECF Nos. 67, 72, and 76. For the reasons below, the Motion to Compel is granted in part and denied in part.

**A. FACTUAL BACKGROUND**

In his Amended Complaint, Plaintiff claims that he was transferred from the Washington County Correctional Facility ("WCCF") to WCP on February 7, 2019. ECF No. 14 ¶¶ 6-8. Upon

arrival, Plaintiff claims that prison officials refused to provide him with his legal documents, mail, or grievance forms, and he was verbally harassed. Id. ¶¶ 8-17. He was housed in a disciplinary unit with limited running water, foul odors, and no toilet paper, and he was only provided a "food loaf" instead of proper meals. Id. ¶¶ 18-20.

On February 9, 2019, Sergeant Gillette ("Gillette") and 6 to 8 other prison guards arrived at Plaintiff's cell in riot gear. Id. ¶ 23. Plaintiff asked Gillette what was happening, and he told Gillette that he only wanted his legal work. Id. ¶ 24. Gillette said that "he did not care," and the guards were there to extract Plaintiff from his cell "the easy way or the hard way." Id.

Plaintiff was afraid to leave his cell. Id. ¶ 26. While Plaintiff was speaking, Gillette sprayed him with pepper spray. Id. ¶ 27. The guards then ambushed and beat Plaintiff. Id. ¶¶ 29-33. During the assault, the guards shouted obscenities, racist remarks, and said that Plaintiff would not be filing grievances anymore. Id. ¶ 32. Plaintiff was assaulted for approximately 7-15 minutes. Id. ¶ 33.

After the assault, Plaintiff was placed in a restraint chair with a spit mask and cuffs that were too tight. Id. ¶¶ 34, 37-38. WCP medical staff did not properly attend to or document his injuries, and they applied alcohol to his open wounds. Id. ¶ 35.

On February 12, 2019, Sergeant Bradley ("Bradley") escorted Plaintiff to an intake changing area to be transported back to WCCF. Id. ¶ 42. Plaintiff demanded that his property be returned before he left. Id. ¶ 43. But Bradley threatened him with a "repeat of the other day, (2/9/19 assault)" if he did not comply. Id. ¶ 43. Plaintiff ultimately did not recover all of his property. Id. ¶ 48.

2

Based on these allegations, Plaintiff brings claims under the Fourth, Eighth, and Fourteenth Amendments, as well as a Monell claim, and claims for retaliation and conspiracy. Id. ¶¶ 1, 4, 54-58.

**B. LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b)(1) defines the permissible scope of discovery as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment. It has long been held that decisions relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litig., 261 F.R.D. 570, 573 (D. Kan. 2009).

## C. DISCUSSION

In his Motion to Compel, Plaintiff states that he served his First Request for the Production of Documents on June 19, 2022, followed by a revised version on July 5, 2022. ECF No. 64 ¶ 1; ECF No. 76.[1] Plaintiff asserts that Defendants only provided "partial" responses to those requests. Id. ¶ 2.

In paragraphs 2 through 13, he sets forth specific questions or categories of discovery to which he requests the Court to compel responses. The Court addresses those inquiries below.

### 1. Paragraph 2

Plaintiff asserts that he received partial discovery responses from the Defendants on August 17, 2022, which did not include the following documents that he requested.

- The water shut off policy at Westmoreland County Prison ("WCP");

- Prior incidents of violence committed by WCP staff on prisoners;

- The spit mask policy at WCP;

- The policy on the purpose of the RHU/"the hole" and its function;

- A-unit footage/Third floor camera #269 for 2/8/19 at 7:30 a.m.

- H-unit footage for the following incidents numbered #135-2019, #502-2019, #136-2019, #139-2019 and #141-2019

- The collection of evidence like photos of plaintiff's injuries, photos of the scene, blood or anything of evidentiary value to an investigation.

ECF No. 64 ¶ 2.

---

[1] Plaintiff did not include a copy of his discovery requests in his Motion to Compel. However, Defendants attached a copy of his original requests to their supplemental response at ECF No. 76.

4

In their initial response, Defendants argue that Plaintiff has failed to meet and confer with them as to whether these materials even exist or why they were not provided. ECF No. 67 at 2-3. Defendants also contend that Plaintiff does not provide any basis as to why these items are arguably relevant to his claims. Id. As for any video footage, Defendants argue that Plaintiff improperly seeks video footage from areas not at issue, implicating both relevancy and security concerns. Id. Defendants did not include a copy of any written discovery responses.

Upon receiving the parties' submission, the Court issued an Order deferring ruling on Plaintiff's Motion to Compel because it found that "supplemental materials would facilitate the Court's resolution of this motion." ECF No. 72. The Court ordered to Defendants to provide, *inter alia*, the discovery responses at issue. Id. In response, Defendants clarified that they did not provide written discovery responses; instead, they submitted a package of documents containing some—but not all—of the categories of specific documents requested. ECF No. 76 at 1-2.

Under Federal Rule of Civil Procedure 34(b)(2), the responding party is expressly required to "respond in writing within 30 days" of service. Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If objections are raised, the party "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

Upon review, Defendants failed to produce written discovery responses as required under Rule 34. While Defendants argue that Plaintiff should have communicated with counsel to determine why certain categories of documents were not produced, or if they even existed, that inquiry is encompassed in his discovery requests. Under Rule 34, it is Defendants' job to identify

which categories of documents they will, or will not, produce and to raise any objections, as appropriate.

Based on the foregoing, the Court grants in part the Motion to Compel relative to these requests. Defendants are required to provide supplemental written discovery responses in accordance with Federal Rule of Civil Procedure 34 by October 24, 2022. Upon receipt of Defendants' supplemental responses, Plaintiff may file a renewed Motion to Compel as appropriate.

2. **Paragraph 3**

In paragraph 3, Plaintiff asserts that Defendants have supplied him with handheld video footage of the incident on a CD; however, the following contents are inaccessible: MAH00187.MP4 2/14/2019 12:31 PM MODD file 1KB; MAH00187.MP4 2/14/2019 12:31 PM MOFF file 4KB, MAH00187 2/9/19 8:22 PM THM file 6KB, and Thumbs 3/20/2020 8:53 AM DB file 8KB. Plaintiff argues that these files may contain information that he is seeking.

In their supplemental response, Defendants provide Plaintiff with specific instructions for how to view the file identified as MAH00187.MP4. ECF No. 76 at 3. In particular, they note that this is an overhead video that can be viewed by opening the viewer application and dragging this file in the application. Id. Defendants represent that the other identified files are application files that do not contain videos for Plaintiff's review. Id.

Based on this, it appears the issue raised in paragraph 3 have been resolved. Therefore, the Motion to Compel is denied as moot with respect to this request.

3. **Paragraph 4**

In paragraph 4, Plaintiff asserts that Defendants failed to answer all interrogatories as to Officer Gelet, Officer Bradley, and Officer Wolff. However, as Defendants point out, he does not

identify to which interrogatories he is referring. As such, the Court cannot reasonably ascertain the basis for this request. The Motion is therefore denied without prejudice relative to the request in Paragraph 4.

**4. Paragraph Nos. 5 through 13**

In paragraph Nos. 5 through 13 of his Motion to Compel, Plaintiff sets forth various questions that he requests the Court to compel responses to. He does not claim to have previously propounded this discovery on Defendants, and he does not include copies of any relevant discovery requests. In response, Defendants claim to have never received these requests; however, they assert they would not object to providing responses to these inquiries if properly served. ECF No. 67 at 3-4.

Because there is no indication Plaintiff has, in fact, requested the information at issue in a properly propounded discovery request, the Motion to Compel is denied without prejudice as to the inquiries in paragraph Nos. 5 through 13.

Accordingly, the following Order is entered:

AND NOW, this 17th day of October 2022, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Answer to Discovery, ECF No. 64, is GRANTED IN PART and DENIED IN PART. Defendants are directed to provide written discovery responses to Plaintiff's First Request for Production of Documents in accordance with Federal Rule of Civil Procedure 34 by **October 24, 2022**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110,

Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Robert J. Colville
United States District Judge

Keith Rosario
MC-4878
SCI Albion
10745 Route 18
Albion, PA 16475

All counsel of record via CM/ECF.