IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ROSARIO, | ) |
| Plaintiff, | ) 2:21-cv-208 |
| vs. | ) |
|  | ) District Judge Robert J. Colville |
| WESTMORELAND COUNTY, PA; et al., | ) Magistrate Judge Maureen P. Kelly |
| Defendants. | ) |

## ORDER OF COURT

Currently pending before the Court is the November 2, 2023 Report and Recommendation (ECF No. 122) issued by the Honorable Maureen P. Kelly. Judge Kelly's Report and Recommendation recommends that the Court grant in part and deny in part Defendants' Motion for Summary Judgment (ECF No. 110), and that the Court dismiss certain of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After seeking two extensions to file objections, Plaintiff (through counsel who entered his appearance following the filing of the Report and Recommendation) filed his timely Objections (ECF No. 128) to Judge Kelly's Report and Recommendation on February 20, 2024. Defendants filed a Response (ECF No. 129) to Plaintiff's Objections on March 1, 2024. This matter is ripe for disposition.

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3). The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made. *Id.* Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further

1

evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon consideration of Judge Kelly's November 2, 2023 Report and Recommendation and following a de novo review of Plaintiff's Objections thereto, as well as a review of all relevant docket entries and the entire record in this matter, it is hereby ORDERED as follows:

The Court agrees with the well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to Defendants' Motion for Summary Judgment. Plaintiff's Objections to the Report and Recommendation are overruled. With respect to Plaintiff's Objections, the Court initially notes that, pursuant to Federal Rule of Civil Procedure 56, a court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

As to Plaintiff's Objection related to the Report and Recommendation's analysis respecting Warden Walton, the Court notes that Judge Kelly addressed Plaintiff's failure to point to a policy or practice that caused Plaintiff's harm, and, while Plaintiff disagrees with this finding, his Objections come up short of sufficiently addressing this shortcoming. *See* Report and Recommendation 18, ECF No. 122 ("Based on the record construed in the light most favorable to Plaintiff as the non-moving party, there is no evidence these Defendants participated in violating

Plaintiffs rights, directed others to violate them, o*r as the person in charge had knowledge of and acquiesced in any unconstitutional use of excessive force.  Nor is there any evidence they established or maintained any policy or practice that caused Plaintiff's harm*." (emphasis added)). Plaintiff's Objection as to his retaliation claim is perplexing because, with the exception of the dismissal of this claim as to Lowther and Carmichael, Judge Kelly recommended that the Motion for Summary Judgment be *denied* as to Plaintiff's retaliation claim.  Defendants did not file an objection to that recommendation, and the Court has adopted it.  In his Objection, Plaintiff fails to provide any specific argument respecting Lowther or Carmichael.  Accordingly, this Objection is overruled.  Finally, Plaintiff's Objection addressing his conspiracy claim is overruled.  The analysis as to this claim in Judge Kelly's Report and Recommendation is clear and on point.  In support of his conspiracy claim, Plaintiff has asserted that the cumulative actions of Defendants Walton, Lowther, Schwartz, Tomasello, Wolfe, Gelet, Carmichael, Keenan, Caruso, Lynn, McCreary, Bryan, Schrock, and Fagan amounted to a conspiracy to prevent his access to courts. As Judge Kelly explained, Plaintiff has failed to establish that there exists a genuine dispute of material fact as to his denial-of-access claim.  "Because Plaintiff cannot establish his underlying access-to-courts claim for the reasons discussed, summary judgment should also be granted as to Plaintiff's claim for conspiracy to deny his access to courts."  Report and Recommendation 26, ECF No. 122.

      Consistent with the Court's analysis above and with the recommendations set forth in Judge Kelly' Report and Recommendation, which the Court has accepted and adopted as the opinion of the Court, it is hereby further ordered as follows:

      (1) Defendants' Motion for Summary Judgment is denied to the extent that it asserts that Plaintiff failed to exhaust his administrative remedies.

(2) Plaintiff's Eighth Amendment claims are dismissed pursuant to 28 U.S.C. § 1915(e).

(3) Defendants' Motion for Summary Judgment is denied as to Plaintiff's Fourteenth Amendment use of excessive force claim against Defendants Wolfe, Gelet, Caruso, Lynn, McCreary, Bryan, Schrock, and Fagan.

(4) Defendants' Motion for Summary Judgment is granted as to Plaintiff's use of excessive force claim against Defendants the County, Kopas, Anderson, Walton, Lowther, Carmichael, Keenan, Tomasello, and Schwartz.

(5) Plaintiff's conditions of confinement claim against Defendants Walton, Schwartz, and Tomasello asserted in Count I related to Plaintiff's placement on a "food loaf diet" is dismissed pursuant to 28 U.S.C. § 1915(e).

(6) Defendants' Motion for Summary Judgment is denied as to Plaintiff's failure to intervene claim related to the use of excessive force asserted against Defendants Wolfe, Gelet, Caruso, Lynn, McCreary, Bryan, Schrock, and Fagan.

(7) Defendants' Motion for Summary Judgment is granted as to Plaintiff's failure to intervene claim related to the use of excessive force asserted against Defendants the County, Kopas, Anderson, Walton, Lowther, Carmichael, Keenan, Tomasello, and Schwartz.

(8) Defendants' Motion for Summary Judgment is granted as to Plaintiff's claim against all Defendants for failure to intervene to the extent that the claim is based on any grounds other than the use of excessive force.

(9) Defendants' Motion for Summary Judgment is granted as to Plaintiff's claim at Count III asserting a denial of access to a grievance process.

(10) Defendants' Motion for Summary Judgment is granted as to Plaintiff's Fourteenth Amendment claim asserting a denial of access to courts.

(11) Defendants' Motion for Summary Judgment is denied as to Plaintiff's First Amendment retaliation claim at Count IV.  This claim is, however, dismissed as to Defendants Lowther and Carmichael pursuant to 28 U.S.C. § 1915(e).

(12) Defendants' Motion for Summary Judgment is granted as to Plaintiff's claim at Count IV asserting conspiracy to deny Plaintiff's access to courts against Defendants Walton, Lowther, Schwartz, Tomasello, Wolfe, Gelet, Carmichael, Keenan, Caruso, Lynn, McCreary, Bryan, Schrock, and Fagan.

(13) Plaintiff's "*Monell*" claim at Count V against all Defendants is dismissed pursuant to 28 U.S.C. § 1915(e).

With respect to the claims on which the Motion for Summary Judgment has been granted, judgment is hereby granted in the prevailing Defendants' favor.  Where a claim has been dismissed pursuant to 28 U.S.C. § 1915(e), the Court finds that amendment would be futile, and such claims are dismissed with prejudice.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 28, 2024

cc/ecf:

    All counsel of record

    Honorable Maureen P. Kelly